UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARLE CORDEIRO,<br><br>  Plaintiff(s),<br><br>  v.<br><br>MICHAEL L. POSTLE,<br><br>  Defendant(s). | Case No. 2:20-CV-640 JCM (EJY)<br><br>ORDER |

Presently before the court is Michael Postle's ("defendant") motion to dismiss. (ECF No. 10).  Marle Cordeiro ("plaintiff") filed a response, (ECF No. 11), to which defendant replied, (ECF No. 12).

**I.    Background**

Kings Casino, LLC d/b/a Stones Gambling Hall ("Stones") operates a casino in Citrus Heights, California from which games of poker at a featured table were regularly broadcast over the internet for multiple years preceding the revelation of the allegations giving rise to this Complaint.  (ECF No. 1).  Defendant is a professional poker player who resides in the state of California and regularly participated in Stones' live poker games.  *Id*.

To facilitate these broadcasts, Stones installed a single poker table imbedded with "radio-frequency identification ("RFID") capabilities, obtained playing cards containing RFID sensors, and installed various motion picture cameras around the subject poker table (the "RFID Table")."  *Id*.  The RFID table allowed Stones to transmit the composition of each player's hand and identity to a control room.  *Id*.  Stones combined the film from the cameras with the information from the card sensors to provide viewers with an omniscient view of the game.  *Id*.

**James C. Mahan**
**U.S. District Judge**

While playing in these live games, defendant won more money than any other participant. *Id.* Plaintiff alleges that defendant was being fed the other players' hands, apparently through his cell phone device, which defendant kept between his legs during these games. *Id.* From July 18, 2018, to September 29, 2019, defendant allegedly recorded net winnings in more than 94% of the games in which he played, becoming an in-house celebrity. *Id.*

Plaintiff alleges that defendant was able to achieve these results by engaging in a pattern and practice of using one or more wire communication mechanisms to defraud his opponents by gaining knowledge of the other players' cards. *Id.* Plaintiff has participated in a Stones live poker game with defendant at least once. *Id.* She further alleges that defendant suspiciously folded a strong hand, allegedly because he was aware that plaintiff's hand was stronger. *See id.* at 10–12.

Now plaintiff brings this action alleging (1) violation of the Racketeer Influenced and Corrupt Organizations Act, (2) fraud, (3) negligent misrepresentation, and (4) negligent per se. *Id.* Defendant moves to dismiss the complaint for lack of personal jurisdiction and *forum non conveniens*. (ECF No. 10).

**II.     Legal Standard**

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to move to dismiss a complaint for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). To avoid dismissal under Rule 12(b)(2), a plaintiff bears the burden of demonstrating that its allegations establish a *prima facie* case for personal jurisdiction. *See Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Allegations in the complaint must be taken as true, and factual disputes should be construed in the plaintiff's favor. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

Personal jurisdiction is a two-prong analysis. First, an assertion of personal jurisdiction must comport with due process. *See Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 672 (9th Cir. 2012). Next, "[w]hen no federal statute governs personal jurisdiction, the district court applies the law of the forum state." *Boschetto*, 539 F.3d at 1015; *see also Panavision Int'l*

James C. Mahan
U.S. District Judge

*L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998).  However, Nevada's "long-arm" statute applies to the full extent permitted by the due process clause, so the inquiry is the same, and the court need only address federal due process standards.  *See Arbella Mut. Ins. Co. v. Eighth Judicial Dist. Court*, 134 P.3d 710, 712 (Nev. 2006) (citing Nev. Rev. Stat. § 14.065); *see also Boschetto*, 539 F.3d at 1015.

Two categories of personal jurisdiction exist: (1) general jurisdiction and (2) specific jurisdiction.  *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–15 (1984); *see also LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000).

"[T]he place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (quotation marks and citation omitted).  A court may also assert general jurisdiction over a defendant when the plaintiff shows that "the defendant has sufficient contacts that approximate physical presence." *In re W. States Wholesale Nat. Gas Litig.*, 605 F. Supp. 2d 1118, 1131 (D. Nev. 2009) (internal quotation marks and citations omitted).  In other words, the defendant's affiliations with the forum state must be so "continuous and systematic" so as to render the defendant essentially "at home" in that forum. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).  General jurisdiction is appropriate even if the defendant's continuous and systematic ties to the forum state are unrelated to the litigation. *See Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1171 (9th Cir. 2006) (citing *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 414–16).

Alternatively, the Ninth Circuit has established a three-prong test for analyzing an assertion of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

**James C. Mahan**
**U.S. District Judge**

- 3 -

### III. Discussion

This court specifically examines defendant's motion under Federal Rule of Civil Procedure 12(b)(2) for "lack of personal jurisdiction," and grants the motion (ECF No. 10).

#### A. *Specific personal jurisdiction*

The Ninth Circuit employs a three-part test for determining whether a court can exercise specific personal jurisdiction over a defendant: 1) the non-resident defendant must have purposefully directed his activities or purposefully availed himself of the privilege of conducting activities in the forum; 2) the claim must arise out of the defendant's forum-related activities; and 3) the application of jurisdiction must comport with fair play and substantial justice. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 802 (9th Cir. 2004).

This court evaluates purposeful direction under the three-part "effects" test traceable to the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783, 104 (1984). The Ninth Circuit has described *Calder* and its three-part test as follows: "Under *Calder*, the 'effects' test requires that the defendant allegedly has (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger*, 374 F.3d at 802 (citations omitted). For this court to exercise personal jurisdiction over the California resident defendant, all three parts must be satisfied. *Id.* at 803.

Plaintiff concedes that all poker games related to this action occurred in California. (ECF No. 1). Applying the *Calder* effects test, plaintiff argues that because defendant's poker activities in California were broadcast online, it was aimed at or had an effect in Nevada, because that is where plaintiff resides and where she watched the broadcast games. (ECF No. 11). Further, plaintiff argues that watching the broadcast games in Nevada "lured [her] into participating, causing her to be ultimately swindled and defrauded by the defendant." *Id.* at 8. In other words, plaintiff argues that although the alleged cheating occurred in California, defendant should be subject to Nevada jurisdiction because a third party (Stones Gambling Hall) broadcast the alleged misconduct to Nevada, where she watched the games. This argument fails to consider that the defendant was a participant of the broadcast games—not the broadcaster—thus, defendant did not "expressly aim" his alleged poker misconduct at the state of Nevada.

James C. Mahan
U.S. District Judge

- 4 -

Accordingly, plaintiff's argument fails the *Calder* test, and this court does not have specific personal jurisdiction over the defendant.

### B.  General personal jurisdiction

In her response to defendant's motion to dismiss, plaintiff alternatively requests jurisdictional discovery to "assess the scope and extent of the defendant's contacts with the state of Nevada." *Id.* at 9.  Defendant has full custody of his young daughter, but she frequently visits her mother who lives in Oregon.  (ECF No. 10).  Defendant and his former wife, chose Reno, Nevada as a meeting location where they exchange their daughter once or twice a month.  *Id*.  They chose Reno as a meeting location because it is "between their two residences and because their daughter likes to stay at certain Reno resorts."  *Id*.  For that reason, defendant concedes that he travels to the state of Nevada once or twice a month.  *Id*.  However, this court finds that these visits to Reno are not sufficient minimum contacts to establish general personal jurisdiction.

Moreover, in her response to the motion at hand, plaintiff speculates that defendant, a professional poker player who has been unable to play poker in California casinos since the "revelation of his cheating," may be traveling to Nevada more often in order to "[carry] on the trade he professes."  (ECF No. 11 at 10).  Further, plaintiff suggests that defendant may hold property interests in Nevada "incidental to his custodial arrangement," or that "his time in Nevada has increased since being deemed *persona non grata* in California poker rooms." *Id*.  Plaintiff avers that jurisdictional discovery would be appropriate to assess the "true scope" of defendant's ongoing contacts with the state of Nevada.  *Id*. at 11.

However, plaintiff's complaint only alleges that defendant "habitually" travels to Nevada, "often for extended periods of time."  (ECF No. 1 at 6).  The absence of the other allegations in the complaint weighs against the propriety of jurisdictional discovery.  (*See* ECF No. 10-1).  Further, this single allegation is not sufficient for the court to allow jurisdictional discovery because defendant denies habitually travelling to Nevada for extended periods of time.  *See Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (holding that jurisdictional discovery is inappropriate where the complaint lacked sufficient facts to support a finding of jurisdiction.); *see also Pfister v. Selling Source, LLC*, 931 F. Supp. 2d 1109, 1118 (D. Nev. 2013) ("where a

**James C. Mahan**
**U.S. District Judge**

plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the court need not permit even limited discovery.").

Therefore, this court finds that plaintiff's allegations are insufficient to plausibly give rise to jurisdiction, given the total absence of evidence to support these allegations and defendant's denial. Accordingly, jurisdictional discovery is not appropriate.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss for lack of personal jurisdiction (ECF No. 10) be, and the same hereby is, GRANTED.

DATED August 14, 2020.

                                                                            _____
                                                                            UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 6 -